**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVSION**

RUTH C. BALZER,

  Plaintiff,

vs.

SAFETY SPECIALTY
INSURANCE COMPANY,

  Defendant.
_____/

CIVIL ACTION

CASE NO.:  2:23-cv-999-SPC-KCD

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

The Defendant, SAFETY SPECIALTY INSURANCE COMPANY (hereinafter "SAFETY SPECIALTY" or "Defendant"), by and through its undersigned counsel, hereby files its Answer, Affirmative Defenses, and Demand for Jury Trial in response to the correspondingly numbered paragraphs of Plaintiff's Complaint, and in support thereof, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Admitted for jurisdictional purposes only; otherwise, denied.

2. Admitted for jurisdictional purposes only; otherwise, denied.

3. Denied as phrased. Defendant is a Missouri corporation, maintains its principal place of business in Saint Louis, Missouri and, thus, is not a citizen of Florida.

4. Admitted for venue purposes only; therefore, denied.

5. Denied.

**GENERAL ALLEGATIONS**

6. Admitted only that Defendant issued a policy of insurance to Ruth C. Balzer ("Plaintiff") bearing policy number HS200948605 (the "Policy") and insuring the property located 3562

Estero Boulevard, Fort Myers Beach, Florida 33931 (the "Property"). Defendant states that the policy of insurance speaks for itself. To the extent a response is required to any remaining allegations in paragraph 6, the same are denied.

7. Admitted only that Defendant issued a policy of insurance to Ruth C. Balzer ("Plaintiff") bearing policy number HS200948605 (the "Policy") and insuring the property located 3562 Estero Boulevard, Fort Myers Beach, Florida 33931 (the "Property"). Defendant states that the policy of insurance speaks for itself. To the extent a response is required to any remaining allegations in paragraph 7, the same are denied.

8. Denied.

9. Admitted only that Defendant assigned claim number FL-025-753 for identification purposes only; otherwise, denied.

10. Admitted only that on April 18, 2023, after a thorough investigation of the claim, Defendant issued a coverage determination letter to the Insured in accordance with the Policy. The Policy speaks for itself as to the terms, conditions, exclusions, limitations contained therein and endorsements attached thereto; otherwise, denied.

11. Denied.

12. Denied.

13. Denied. Florida Statutes speak for themselves, and Defendant denies any interpretation inconsistent therewith.

## COUNT I – BREACH OF CONTRACT

Defendant re-alleges and incorporates the allegations contained in paragraphs 1 through 13, as if set forth fully herein.

14. Admitted only that Defendant issued a policy of insurance to Ruth C. Balzer ("Plaintiff") bearing policy number HS200948605 (the "Policy") and insuring the property located 3562 Estero Boulevard, Fort Myers Beach, Florida 33931 (the "Property"). Defendant states that the policy of insurance speaks for itself. To the extent a response is required to any remaining allegations in paragraph 14, the same are denied.

15. Admitted only that Defendant issued a policy of insurance to Ruth C. Balzer ("Plaintiff") bearing policy number HS200948605 (the "Policy") and insuring the property located 3562 Estero Boulevard, Fort Myers Beach, Florida 33931 (the "Property"). Defendant states that the policy of insurance speaks for itself. To the extent a response is required to any remaining allegations in paragraph 15, the same are denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

Defendant denies that Plaintiff is entitled to the relief sought in either of the *ad damnum* clause and as stated in the Complaint. Florida Statutes speak for themselves, and Defendant denies any interpretation inconsistent therewith. Defendant hereby denies any other allegations or requests for relief not specifically addressed herein.

**WHEREFORE**, Defendant, SAFETY SPECIALTY INSURANCE COMPANY, having answered the Complaint and demonstrated by virtue of its denials and defenses that Plaintiff is not entitled to relief against Defendant, respectfully requests this Court enter a judgment in its favor and for any other or further relief it may be entitled to under law or that his Court deems just and proper.

## AFFIRMATIVE DEFENSES

Having answered the Complaint, Defendant, by and through its undersigned counsel, hereby asserts the following Affirmative Defenses to the Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles contained in the Policy.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that it has complied with and fulfilled all of its obligations owed under the Policy and Florida law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered loss.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims include loss or damage caused by or resulting from faulty, inadequate or defective planning, the claims set forth in the Complaint are barred or limited by the following provision contained within the Policy:

> **Section II – PROPERTY COVERAGE**
>
> **A.    Perils Insured Against:**
> We insure against direct physical loss or damage to your **dwelling**, **contents** and **other structures** unless an exclusion applies.
>
> ***
>
> **D.    Exclusions**
> The following exclusions apply to **Section II – PROPERTY COVERAGE**.
>
> ***

> **6.   Faulty, Inadequate or Defective Planning**
>
> We do not cover any loss caused by faulty, inadequate or defective:
>
> a. Planning, zoning, development, surveying, siting;
>
> b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> c. Materials used in repair, construction, renovation or remodeling; or
>
> d. Maintenance;
>
> of part or all of any property whether on or off the residence premises.
>
> However, we do insure ensuing covered loss to your dwelling and other structures unless another exclusion applies.
>
> \*\*\*

(High Value Homeowners Policy, PPHV-PCF-FL-001 (02/2016), p. 14 of 26).

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims include loss or damage caused by or resulting from wear and tear, deterioration or mechanical breakdown, the claims set forth in the Complaint are barred or limited by the following provision contained within the Policy:

> **Section II – PROPERTY COVERAGE**
>
> **A.   Perils Insured Against:**
> We insure against direct physical loss or damage to your **dwelling**, **contents** and **other structures** unless an exclusion applies.
>
> \*\*\*
>
> **D.   Exclusions**
> The following exclusions apply to **Section II – PROPERTY COVERAGE**.

***

    **8.**    **Wear and Tear, Deterioration or Mechanical Breakdown**

We do not cover any loss caused by:
a. wear and tear, marring, and deterioration;
b. warping, rust or, other corrosion;
c. mechanical breakdown;
d. latent defect;
e. inherent vice; or
f. any quality in property that causes it to damage or destroy itself.

However, we do insure ensuing covered loss unless another exclusion applies.

***

(High Value Homeowners Policy, PHVH-PCF-FL-001 (07/2021), pp.14-15 of 28).

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims include loss or damage caused by flood or surface water, or ground water, the claims set forth in the Complaint are barred or limited by the following provision contained within the Policy:

**Section II – PROPERTY COVERAGE**

**A.**    **Perils Insured Against:**
We insure against direct physical loss or damage to your **dwelling**, **contents** and **other structures** unless an exclusion applies.

***

**D.**    **Exclusions**

The following exclusions apply to **Section II – PROPERTY COVERAGE**.

***

**20.**    **Flood or Surface Water**

We do not cover any loss caused directly or indirectly by **flood** or surface water. Such loss is excluded regardless of

any other cause or event contributing concurrently or in any sequence to the loss. **Flood** or surface water means:

a. **Flood**;
b. Surface water, water accumulated outside of a building or structure, including but not limited to standing or ponding water, waves, including tidal wave and tsunami, tides, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; including storm surge;
c. Run-off of water from any surface; or
d. Water-borne material carried or otherwise moved by any of the water referred to in **20.**a to **20.**c of this Exclusion.

However, we do insure ensuing covered loss unless another exclusion applies.

21. **Ground Water**

We do not cover any loss caused directly or indirectly by ground water. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. Ground water means:

e. water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a floor, wall, building, sidewalk, driveway, patio, foundation, swimming pool or structure; or
f. waterborne material carried or otherwise moved by any of the water referred to in **21.**a of this Exclusion.

However, we do insure ensuing covered loss unless another exclusion applies.

\*\*\*

**23. Water Damage to Specific other structures**
We do not cover loss to specific other structures caused by:
 a. Freezing;
 b. Thawing;
 c. Pressure or weight of water or ice, whether driven by wind or not.

This exclusion applies to:

      a. fences, pavements, patios or tennis courts;
      b. swimming pools, hot tubs or septic systems;
      c. footings, foundations, bulkheads, retaining walls, or any structure or device that supports all or part of a building, or other structure; or
      d. piers, wharves, docks or bridges.

However, we do insure ensuing covered loss unless another exclusion applies.

\*\*\*

(High Value Homeowners Policy, PPHV-PCF-FL-001 (02/2016), p. 16 of 26).

\*\*\*

SPECIAL NOTICE – FLORIDA

LAW AND ORDINANCE: LAW AND ORDINANCE COVERAGE IS AN IMPORTANT COVERAGE THAT YOU MAY WISH TO PURCHASE. PLEASE DISCUSS WITH YOUR INSURANCE AGENT.

FLOOD INSURANCE: YOU MAY ALSO NEED TO CONSIDER THE PURCHASE OF FLOOD INSURANCE. YOUR HOMEOWNER'S INSURANCE POLICY DOES NOT INCLUDE COVERAGE FOR DAMAGE RESULTING FROM FLOOD EVEN IF HURRICANE WINDS AND RAIN CAUSED THE FLOOD TO OCCUR. WITHOUT SEPARATE FLOOD INSURANCE COVERAGE, YOU MAY HAVE UNCOVERED LOSSES CAUSED BY FLOOD. PLEASE DISCUSS THE NEED TO PURCHASE SEPARATE FLOOD INSURANCE COVERAGE WITH YOUR INSURANCE AGENT.

\*\*\*

(High Value Homeowners Policy, PPHV-DSC-FL-002 (10/2018)).

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims include loss of use of the Property, the claims set forth in the Complaint are barred or limited by the following provision contained within the policy:

**Section II – PROPERTY COVERAGE**

\*\*\*

**B.** **Coverage and Loss Settlement**

\*\*\*

**8. Loss of Use:**
If a covered loss to your:
>a. **dwelling**;
>b. **contents**; or
>c. if your **residence premises** is a condominium, cooperative or apartment, property loss to any property located outside the boundaries of your unit;

makes the **residence premises** not fit to live in, we cover the following. The most we will pay for any one covered loss is the coverage amount shown on your Declarations.

>a. Additional Living Expense:
>(1) If the **residence premises** is your primary residence, we will pay the necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living; or
>(2) If the **residence premises** is not your primary residence, we will pay the necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living for those periods of time that you had planned to use, or customarily use, the residence.

\*\*\*

>c. Fair Rental Value
>The amount of rent shown on a signed lease agreement less any expenses that do not continue while the **residence premises** is not fit to live in.
>
>Payment will be for the shortest time required to repair or replace the damage, or if you permanently relocate, the shortest time required for your household to settle elsewhere.

\*\*\*

(High Value Homeowners Policy, PPHV-END-GEN-006 (02/2016)).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's failure to comply with her post-loss contractual obligations imposed by the Policy relieves Defendant of any further indemnity obligation to Plaintiff under the Policy, which states:

### Section IV – GENERAL PROVISIONS

\*\*\*

**B. Your Duties After a Loss**

In case of a loss for which coverage may be provided under this Policy, we have no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an Insured seeking coverage, or a representative or either:

\*\*\*

6. Cooperate with us in the investigation of a claim, settlement or the defense of any claim or suit.

7. Prepare an inventory of damaged property. Show the quantity, description and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

8. As often as we reasonably require:
   a. Show the damaged property;
   b. Provide us with records and documents we request and permit us to make copies; and
   c. Submit to separate examination under oath.

\*\*\*

(High Value Homeowners Policy, PPHV-PCF-FL-001 (02/2016), pp. 21-22 of 26).

Defendant's claim investigation, including but not limited to communications with the Plaintiff and/or her representatives revealed that Plaintiff failed to cooperate with Defendant's investigation by failing to provide Defendant with the requested documents and information necessary to investigate the loss and failed to prepare an inventory of damaged and undamaged property for Defendant despite numerous requests for same. Plaintiff's failure to comply with these conditions materially prejudiced Defendant's investigation of the loss and bars her recovery under the Policy and relieves Defendant from any indemnity obligation under the Policy.

## **TENTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiffs' failure to comply with the post-loss contractual obligations imposed by the Policy relieves Defendant of any further indemnity to Plaintiffs under the following provision located on page 25 of form PHVH-PCF-FL001, which states:

**SECTION IV – GENERAL PROVISIONS**

\*\*\*

**K. Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms of this policy. The action must be brought against us within five years after the date of loss.

\*\*\*

(High Value Homeowners Policy, PPHV-PCF-FL-001 (02/2016), p. 23 of 26).

Defendant's claim investigation revealed that Plaintiff and/or her representative(s) failed to comply with the post-loss contractual obligations under the Policy, as more particularly described in the Affirmative Defense No. 8. Accordingly, Plaintiff's failure to comply with the post-loss contractual obligations of the Policy relieves Defendant of any contractual obligation to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that, to the extent the Plaintiff can establish covered damage under the Policy, which Defendant disputes, any payment for covered damages is subject to the loss payment provisions and/or applicable deductibles in the Policy.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts that the Plaintiff had a duty to mitigate her damages, failed to do so, and that such failure produced or was a legal cause of some portion of the loss or damage alleged in the Complaint; and, therefore, the damages, if any, should be barred and/or reduced accordingly.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that the amounts demanded by Plaintiff are excessive and unreasonable and that some or all of the work demanded is unnecessary, excessive, and/or unreasonable.

### FOURTEENTH AFFIRMATIVE DEFENSE

In the event Plaintiff is entitled to recover, any recovery must necessarily be reduced by the amounts required to be paid, or the amounts previously paid, by Defendant to any and all parties and/or non-parties as a result of the subject loss including, but not limited to, all mortgagees, loss payees and/or lienholders named on the subject insurance policy.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant pleads all other terms, conditions, limitations, definitions, and exclusions contained within the Policy as if set forth herein in their entirety. Plaintiff's damages, if any, are barred and/or limited by the policy limits set forth in the Policy, in addition to all other limitations, provisions, and any other terms, exclusions, and conditions of the applicable Policy that specifically limit, bar, or otherwise restrict Plaintiffs' recovery under the Policy. Further, Defendant's liability, if any, is dependent upon the Policy that, as a written contract, is the best evidence of its terms, conditions, limitations, and exclusions.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend the Affirmative Defenses and assert additional defenses to the Complaint in the future that may later be developed through discovery in the litigation of this matter.

## DEMAND FOR JURY TRIAL

Defendant, by and through its undersigned counsel, hereby demands trial by jury on all issues so triable as a matter of right and law.

**WHEREFORE**, Defendant requests that this Court enter judgment in its favor and award SAFETY SPECIALTY INSURANCE COMPANY its taxable costs, and such other and further relief the Court deems just and equitable.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing pleading was sent by electronic mail on this 14th day of November, 2023 to Counsel for Plaintiff(s) listed below:

Carlos L. Santi, Esquire (FBN: 70529)
**Property & Casualty Law Group**
2307 Douglas Road, Suite 302
Miami, FL 33145
Phone: 305-961-1038
Email: CSanti@pclawgroup.com
*Attorney for Plaintiff*

                                    **ZINOBER DIANA & MONTEVERDE, P.A.**

_____
**Michael J. Rivero, Esquire (FBN: 85326)**
**Sean R. Kelly, Esquire (FBN: 124404)**
E-mail:  MRivero@zinoberdiana.com
E-mail:  Sean@zinoberdiana.com
E-mail:  Izabella@zinoberdiana.com
150 Second Ave. N, Suite 1170
St. Petersburg, FL 33701

Phone: 727-498-2244
Fax:    727-498-8902
*Attorneys for Defendant*