UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUTH C. BALTZER,

    Plaintiff,

v.                                Case No.:   2:23-cv-999-SPC-KCD

SAFETY SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Defendant Safety Specialty Insurance Company's Motion for Final Summary Judgment. (Doc. 50). Plaintiff Ruth C. Baltzer responded (Doc. 55), and SSIC replied (Doc. 58). For the following reasons, the Court denies the motion.

### **Material Facts**

Hurricane Ian hit Florida on September 28, 2022. Baltzer's SSIC insurance policy covered her property, 3562 Estero Boulevard, Fort Myers Beach, Florida 33931, for the policy period of November 1, 2021, to November 1, 2022. The property consisted of two wooden beachfront cottages, which Baltzer rented as short-term vacation rentals.

The policy contains an anti-concurrent causation provision:

> We do not cover any loss caused directly or indirectly by **flood** or surface water. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. **Flood** or surface water means:
> a. **Flood;**
> b. Surface water, water accumulated outside of a building or structure, including but not limited to standing or ponding water, waves, including tidal wave and tsunami, tides, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; including storm surge;
> c. Run-off of water from any surface; or
> d. Water-borne material carried or otherwise moved by any of the water referred to in **20.**a to **20.**c of this Exclusion.

(Doc. 7 at 34).

On September 28, 2022, Baltzer's neighbor's Google Nest security camera recorded footage of the storm surge nearby. Max Olson, owner of YouTube Channel "Max Olson Chasing," attached a camera probe to a utility pole around fifteen feet above the ground at the intersection of Estero Boulevard and Avenue C in Fort Myers Beach.

Hurricane Ian destroyed Baltzer's property. A short time later, she reported the loss to her insurance agent. SSIC investigated and retained Daniel Sanders, a professional engineer, to determine the cause and origin of Baltzer's reported damage. He inspected her property on October 19, 2022, and concluded that storm surge and wave action were much more significant than wind and led to the property's destruction. Further, he concluded that the wind and storm surge occurred concurrently until the property was overcome by wave action.

On April 18, 2023, SSIC informed Baltzer that the Policy excludes damages from flood, surface water, and/or storm surge. Consequently, Baltzer sued SSIC for breach of contract.

Baltzer retained a professional engineer, John McHugh, to opine the cause and origin of her loss. The parties dispute McHugh's conclusion. In SSIC's view, McHugh "opined that storm surge contributed, in part, to the total destruction of Plaintiff's Property." (Doc. 50 at 5 ¶ 17). But Baltzer states that McHugh contradicts Sanders by finding that "the two structures were destroyed before the storm surge reached them." (Doc. 55 at 4 ¶¶ 13, 17).

## Legal Standard

Sitting in diversity, the Court applies Florida substantive and federal procedural law. *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show a lack of genuinely disputed material fact. *Clark v. Coats & Clark*, 929 F.2d 604, 608 (11th Cir.

1991). If carried, the burden shifts to the nonmoving party to point out a genuine dispute. *Id.* At this stage, a court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341–42 (11th Cir. 2002).

## Analysis

In SSIC's view, it is undisputed that wind and flood water destroyed Baltzer's property. (Doc. 50 at 15). Thus, SSIC argues that the anti-concurrent causation provision bars coverage.

Baltzer does not dispute that the anti-concurrent causation provision is valid. (Doc. 55 at 9). How could she, when Florida and other courts routinely uphold the validity of provisions excluding coverage where a loss results from a combination of covered and non-covered causes? *See Paulucci v. Liberty Mut. Fire Ins. Co.*, 190 F. Supp. 2d 1312, 1318 (M.D. Fla. 2002) ("The question then becomes whether parties can contract around this default [concurrent cause] doctrine through anti-concurrent cause language. This must be answered in the affirmative."); *see also Berg v. New York Life Ins. Co.*, 88 So. 2d 915 (Fla. 1956) (death resulted from the combination of deceased having been violently ambushed by robbers and having a blood vessel disease, so double indemnity provision did not apply); *State Farm Fire and Cas. Co. v. Metro. Dade Cnty.*, 639 So. 2d 63 (Fla. Dist. Ct. App. 1994) (applying anti-concurrent cause provision); *Front Row Theatre Inc. v. Am. Mfr.'s Mut. Ins. Cos.,* 18 F.3d 1343

4

(6th Cir. 1994) (anti-concurrent cause language mandated that the insurer would not have to pay proceeds).

Rather, the question is whether the anti-concurrent causation provision applies. SSIC argues that Baltzer has not presented evidence that wind alone destroyed her property sufficient to defeat summary judgment. (Doc. 50 at 15). For the following reasons, the Court disagrees.

SSIC's professional engineer, Daniel Sanders, concluded in his expert report that

> [w]hile winds sufficient to damage the . . . buildings were present, the storm surge and associated wave action were much more significant and ultimately led to the failure/destruction of the buildings. . . .
>
> Based on the timeline of the wind speed and surge . . ., damage from wind and surge occurred concurrently until the building was overcome by wave action.

(Doc. 50-4 at 3). Because Sanders opines that storm surge and wind concurrently destroyed Baltzer's property, SSIC contends the policy's anti-concurrent causation clause excludes coverage.

By contrast, Baltzer's professional engineer, John McHugh, concluded in his expert report that "the two structures were destroyed before the storm surge reached them. . . . [B]y the time the storm surge reached the structures[,] the houses were a pile of splinters." (Doc. 50-7 at 5). Further, McHugh testified at his deposition that the property was destroyed by a "combination of" wind and storm surge. (Doc. 50-6 at 37:1–4). He stated that he "believe[s] that the

5

bulk of the damage and destruction occurred due to winds, and, eventually, the pile of debris was pushed around by the support." (*Id.* at 37:11–14). Later, he testified "I don't believe there was anything salvageable left of the house after the winds had hit, especially based on the age, and the fact that there's no . . . mitigation for hurricane wind forces there." (*Id.* at 59:23–60:1). While McHugh's opinions and testimony are not a model of clarity, they are evidence that wind alone destroyed the property.

In arguing the Court should grant summary judgment, SSIC points to what it asserts are contradictions in McHugh's opinions. For example, McHugh testified that storm surge "played a component—a role in the total destruction." (Doc. 58 at 3 (citing Doc. 50-6 at 80:9–18)). SSIC also highlights McHugh's purported "false premise"—that wind destroyed Baltzer's property hours before storm surge hit. (*Id.*) For support, SSIC delves into minute details about the National Hurricane Center Report, Max Olson's video, and Baltzer's neighbor's Google Nest cameras to demonstrate that wind and flood waters concurrently destroyed the property. (*Id.* at 3–4).

SSIC goes too far in suggesting the Court can weigh these facts or credit one expert's opinion that wind or water destroyed the property over another. Causation is a question of fact for the jury. *See Whitten v. State Farm Fire & Cas. Co.*, 430 So. 2d 528, 529 (Fla. Dist. Ct. App. 1983) ("If conflicting reasonable inferences may be drawn from the evidence presented, . . . causation

6

[is a] question of fact for the jury."). In resolving the issues presented under Rule 56, the Court may not weigh conflicting evidence to resolve disputed factual issues. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). If a genuine dispute is found, summary judgment must be denied. *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."). Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). Here, the parties dispute whether wind or water or a combination of the two destroyed Baltzer's property. The Court cannot decide this issue. The jury must do so.

To be clear, the Court by no means espouses the strength of McHugh's opinions in denying summary judgment. The apparent contradictions SSIC highlights exist. But simply stated, this case comes down to "a so-called battle of the experts, requiring the factfinder to resolve the issues upon which the experts differ." *Tower Hill Prime Ins. Co. v. Bermudez*, 388 So. 3d 165, 169 (Fla. Dist. Ct. App. 2023), *reh'g denied* (Jan. 19, 2024) (quoting *Hidalgo v. Citizens Prop. Ins. Corp.*, 323 So. 3d 338, 341 (Fla. Dist. Ct. App. 2021)); *see also Rossi v. Brown*, 581 So. 2d 615, 617 (Fla. Dist. Ct. App. 1991) ("[A] 'battle

of the experts' has become the norm in modern trials. Courts [or a jury] must resolve the issues upon which the experts differ."). In this case, the jury must hear from Sanders and McHugh and determine whether wind, flood, or some combination thereof destroyed Baltzer's property.[1]

Accordingly, it is now

**ORDERED:**

1. Defendant Safety Specialty Insurance Company's Motion for Final Summary Judgment (Doc. 50) is **DENIED**.

2. The parties are **DIRECTED** to jointly contact United States Magistrate Judge Nicholas P. Mizell's Courtroom Deputy, Wendy Winkel, wendy_winkel@flmd.uscourts.gov or (239) 461-2053, by **March 14, 2025**, to schedule a settlement conference. They must have three proposed, agreed dates for a settlement conference in April 2025.

**DONE** and **ORDERED** in Fort Myers, Florida on March 3, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[1] Given the Court's ruling, it need not address Baltzer's arguments concerning ensuing damages. (Doc. 55 at 11–12).